WILLIAM H. McSOLEY *vs.* JOSEPH A. HOGAN.

DECEMBER 29, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of assumpsit on a promissory note dated January 11, 1932 on which suit was brought in the superior court on June 8, 1943. Defendant pleaded the general issue and three special pleas, namely, the statute of limitations, failure of consideration and duress. On the issues thus raised a trial was had in the superior court to a jury and resulted in a verdict for the defendant. However, since no request was made for special findings on such issues, it does not appear on what plea or pleas the verdict was based.

Plaintiff filed a motion for a new trial, which was denied by the trial justice. The case is here on his exception to this denial and on nine other exceptions to the admission of certain testimony during the trial.

Defendant admitted signing the note, but he testified that he signed it under duress exercised upon him by the plaintiff. He testified further that he had never thereafter paid either principal or interest thereon and had never admitted or acknowledged that he was indebted to the plaintiff on the note. Plaintiff testified that defendant had freely made the

note; that he had paid $100 on it on the day it was made and a further payment in October 1932. Neither payment, however, was indorsed on the note. A witness for the plaintiff testified that on the day the note was made he had loaned the defendant $100. Defendant denied that he had ever received such a loan. Another witness for the plaintiff testified that defendant had told him about four or five years before the trial in the superior court that he, defendant, was going to see the plaintiff and pay what he owed him. This witness did not, however, definitely connect this conversation with the specific promissory note in suit. Defendant testified that he owed plaintiff a balance of $100 on a bill for legal services, amounting to $250, for which he had received a statement from plaintiff. In rebuttal plaintiff denied that he had ever sent such a statement or had received from defendant a payment of $150 on account for such services.

From the above brief summary of the important evidence in the case, it clearly appears how sharply conflicting it was and therefore how helpful the opportunity to observe the witnesses while testifying must have been to the jury and the trial justice in weighing their testimony and passing upon their credibility. That aid is denied to us and we must rely upon the transcript alone to evaluate the evidence.

In support of his exception to the denial of his motion for a new trial plaintiff makes a serious contention that the record clearly shows that the jury disregarded the great weight of the evidence in his favor and that their verdict was based upon sympathy for the defendant and not upon the real merits of the case. Whether or not this contention is directed to all of the issues in the case he does not specifically state but presumably he includes them all. We have carefully read the transcript and we cannot say that this is so as to the evidence bearing on the issue of the statute of limitations, which is the issue upon which the trial justice rested his approval of the verdict.

In his rescript denying plaintiff's motion for a new trial the trial justice says: "It is perfectly possible for the jury to

have found that the defendant did not sustain his plea of no consideration but did sustain his plea that action was not seasonably brought." Apparently he was convinced that on the issue of the statute of limitations the evidence supported the verdict, as he concludes his rescript as follows: "After a careful consideration of the evidence and the issues involved, the Court is of the opinion that the verdict does substantial justice between the parties and the plaintiff's motion is therefore denied."

Unless this decision is clearly wrong, we cannot, under our well-established rule, disturb it. A careful reading of the transcript discloses no reason that would warrant us in disturbing it. Plaintiff's exception to such decision is, therefore, overruled.

Plaintiff's exceptions to the admission of testimony are all without merit. Most of the testimony was, in our opinion, quite clearly relevant and such as was not so clear was, at least, not too remote and, therefore, its admission rested in the discretion of the trial justice. In any event, in no instance was the right of the plaintiff prejudiced by the admission of such testimony.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John H. DiStefano*, for plaintiff.
*Charles R. Easton*, for defendant.